Thomas E. Stagg
Andrew Kazin
Stagg Wabnik Law Group LLP
Attorneys for Plaintiff CJH Enterprises LLC
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516)812-4550

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------X
CJH ENTERPRISES LLC d/b/a
LUCKY'S LEASH                                              **COMPLAINT FOR A CIVIL CASE**

                Plaintiff,                          <u>**JURY TRIAL DEMANDED**</u>

      -against-

TEKNO PRODUCTS INC. and
JEFF KURANI, individually,

             Defendants.
---------------------------------------------------X

       CJH Enterprises LLC d/b/a Lucky's Leash ("CJH" or "Plaintiff"), by and through its

attorneys Stagg Wabnik Law Group LLP, complaining of Defendants Tekno Products Inc.

("Tekno") and Jeff Kurani ("Kurani") (collectively "Defendants") alleges as follows:

<u>**NATURE OF THE CLAIM**</u>

       1.    This is an action for trademark infringement in violation of Section 32(1) of the

Lanham Act, 15 U.S.C. § 1114(1), false advertising in violation of Section 43(a) of the Lanham

Act, 15 U.S.C. § 1125, and common law claims arising out of Defendants unauthorized use and

sale of the Lucky's Leash dog leash that CJH created.  A photograph of Lucky's Leash is

annexed as "Exhibit A."

       2.    On or about October 4, 2017, CJH and Tekno entered into a contract under which

Tekno would market and sell Lucky's Leash and pay CJH a portion of the net profits.

3.   Tekno breached the contract by failing to provide CJH with any payment and continuing to sell and market Lucky's Leash, using the Lucky's Leash trademark and trade dress, without CJH's permission.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction over the action under 28 U.S.C. § 1331, 15 U.S.C. § 1114, and 15 U.S.C. § 1125.

5.   Pursuant to 28 U.S.C. § 1367, this Court has jurisdiction over the New Jersey State claims by way of supplemental jurisdiction.

6.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) as Tekno's principal of business is located in the State of New Jersey, and upon information and belief, Kurani is a resident of the State of New Jersey.

## THE PARTIES

7.   CJH is a North Carolina based limited liability company that invents products like Lucky's Leash.

8.   CJH maintains a principal place of business at 401 N. Tyron Street, Charlotte, North Carolina 28202.

9.   On or about February 18, 2015, CJH filed a trademark application for Lucky's Leash and was issued registration number 4965842 and serial number 86538127.

10.   Tekno is a corporation with a principal place of business located at 301 Route 17 North, Rutherford, New Jersey 07070.

11.   Tekno markets and sells various goods and products, including products such as Lucky's Leash.

12.  At all relevant times herein, Kurani was Chief Executive Officer of Tekno, and upon information and belief, is a resident of the State of New Jersey and has total and unfettered control over Tekno.

## STATEMENT OF FACTS

13.  On or about February 18, 2015, CJH filed a trademark application with the United States Patent and Trademark Office ("USPTO") for the standard character mark "Lucky's Leash" (the "Mark").

14.  On or about July 21, 2015, the USPTO published the Mark for opposition.

15.  The Mark was registered on or about May 24, 2016, and was issued registration number 4965842.

16.  On or about October 4, 2017, CJH and Tekno entered into a contract whereby Tekno would purchase CJH's inventory of Lucky's Leash and sell and market Lucky's Leash for a one-year period (the "Contract").  Specifically, the Contract provided:

> In exchange for Tekno's promise to purchase CJH['s] existing inventory of product subject to the application, and share a percentage of profits, CJH agrees to disclose all know-how to Tekno as well as grant Tekno an exclusive license to make, use, advertise, sell and otherwise exploit the product and associated intellectual property attached to same. . . .

A copy of the Contract is annexed hereto as "Exhibit B."

17.  Pursuant to Section 5 of the Contract, Tekno was required to pay CJH 2.5% of net profits of Tekno's Lucky's Leash sales within sixty days of when Tekno received payment. Specifically, the Contact provided:

> Tekno agrees to use best efforts to sell product subject to paragraph 3 and 4, and agrees to pay CJH 2.5% of net profits made by Tekno sales. Tekno agrees to pay CJH within 60 (sixty) days of Tekno's receipt of payment for a sale. Tekno agrees to produce an initial order of 200,000-250,000 units in wich [*sic*] CJH will be compensated on.

3

(Ex. B, Section 5.)

18.  Lucky's Leash was an instant hit, and, upon information and belief, Tekno sold a voluminous amount of Lucky's Leash.

19.  Nevertheless, Tekno refused and failed to pay CJH with 2.5% of the net profits of the many sales.

20.  Upon information and belief, Kurani totally controlled Tekno's operations, and ensured that Tekno did not pay CJH.

21.  In or around 2018, CJH contacted Defendants regarding Tekno's failure to pay CJH, but Defendants ignored CJH.

22.  Pursuant to Section 1 of the Contract, on or about July 25, 2018, CJH sent a letter to Kurani requesting that Kurani contact CJH before CJH exercised its right inspect Tekno's records.

23.  Neither Kurani nor any other Tekno representative responded.

24.  The Contract expired on or about October 4, 2018.

25.  After the Contract expired, Defendants continued to sell Lucky's Leash and use CJH's intellectual property without CJH's permission.

26.  Upon information and belief, Tekno continued to market and sell Lucky's Leash through the internet and television, while continuing to use the Lucky's Leash trademark and trade dress.

27.  Upon information and belief, Tekno, at Kurani's direction, willfully did this without CJH's permission because Tekno's right to sell Lucky's Leash and utilize CJH's intellectual property ended upon the Contract's expiration.

28.  Tekno has yet to cease marketing or selling Lucky's Leash or using CJH's intellectual property.

29.   On or about August 24, 2020, CJH notified Tekno and Kurani in writing of Tekno's breach of the Contract, and demanded inspection of Tekno's records. A copy of CJH's letter is annexed as "Exhibit C."

30.   Specifically, CJH advised Tekno:

> Pursuant to Section 5 of the Agreement, Tekno was required to pay CJH 2.5% of the net profits of Tekno's sales. To date, Tekno has not paid any sums to CJH, which is a breach of the Agreement. CJH demands that Tekno immediately make full payment to CJH and provide a copy of all books and records relating to Lucky's Leash so that CJH can verify that any payment complies with the Agreement, as required by Section 5(b). Additionally, CJH suspects Tekno of engaging in unfair competition, and more specifically, trademark and copyright infringement. CJH demands that Tekno cease and desist from any further use of the Lucky's Leash trademark or trade dress and cease any further sales of Lucky's Leash.

(Ex. C.)

31.   Tekno has not cured its breach or responded to CJH's letter.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Trademark Infringement – Against All Defendants)

32.   CJH hereby repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein.

33.   Defendants knowingly and willfully infringed on CJH's rights in Lucky's Leash by marketing, selling, and promoting Lucky's Leash after termination of the Contract without CJH's authorization, and by converting the goodwill of CJH to Tekno.

34.   Defendants' acts are likely to cause confusion, mistake and deception in the minds of the public by misleading the public by creating the false and misleading impression that CJH is backing, affiliated or associated with Tekno, and that Tekno's services are associated or connected with CJH, or have the sponsorship, endorsement, or approval of CJH.

35.  Defendants' acts are willful and constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36.  By reason of the foregoing, CJH has suffered and will continue to suffer damage to its business, reputation, and goodwill, and to the reputation and goodwill of its trademark and logos, including the Mark.

37.  By reason of the foregoing, CJH has been irreparably harmed and damaged in an amount to be determined at trial as a result of Defendants' actions. CJH has no adequate remedy at law and is entitled to remedies provided for in 15 U.S.C. § 1116 et. seq.

### AS AND FOR A SECOND CAUSE OF ACTION
**(False Advertising – Against All Defendants)**

38.  CJH hereby repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein.

39.  Defendants intentionally and deliberately made false statements of fact about Lucky's Leash, and its entitlement to use and sell it, when, among other things, Defendants continued to use and sell Lucky's Leash without authorization after the Contract was terminated.

40.  These acts tended to deceive members of the public and deceptively influenced or had and have the effect of influencing decisions of the public to purchase Lucky's Leash through Tekno based on Tekno's supposed continued connection to CJH.

41.  CJH has been, and will continue to be, injured as a result of such false advertising in the form of direct and indirect sales as well as injury to the goodwill of Lucky's Leash in the eyes of the general public.

42.  Defendants' acts constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.   By reason of the foregoing, CJH has suffered and will continue to suffer damages in, among other things, potential lost profits and damages to its business, reputation and goodwill, and to the reputation and goodwill of its trademarks and logos, including the Mark.

44.   By reason of the foregoing, CJH has been irreparably harmed and damaged in an amount to be determined at trial as a result of Defendants' activities.

45.   CJH has no adequate remedy at law and is entitled to the remedies provided for in 15 U.S.C. §§ 1125 et. seq., 1116 et. seq., and 1117 et. seq.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Breach of Contract – Against Defendant Tekno)**

46.   CJH hereby repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein.

47.   When CJH and Tekno entered into the Contract, they agreed that Tekno would market and sell Lucky's Leash on the condition that Tekno would pay CJH 2.5% of the net profits of Tekno's sales.

48.   When CJH and Tekno entered into the Contract, they agreed that Tekno could use CJH's intellectual property to market and sell Lucky's Leash.

49.   The Contract expired on or about October 4, 2018, and neither party requested to extend the Contract.

50.   Tekno, at the direction of Kurani, has not stopped using CJH's intellectual property, and continues to use, sell and market Lucky's Leash.

51.   Upon information and belief, Tekno, at the direction of Kurani, has not paid CJH 2.5% of the net profits of Tekno's sales, or any portion thereof.

52.   As a result of Defendants' breach, CJH has suffered damages in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Unfair Competition – Against Defendant Tekno)

53.  CJH hereby repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein.

54.  Defendants have, intentionally and without authorization, continued to use, market, and sell Lucky's Leash to compete with CJH.

55.  Defendants have also caused damage to CJH's business, reputation, and goodwill as well as the reputation and goodwill of CJH's trademarks and logos, including the Mark.

56.  Defendants' actions constitute, among other things, trademark infringement and misappropriation in violation of New Jersey's law against unfair competition.

57.  By reason of the foregoing, CJH has been irreparably harmed and damaged in an amount to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Breach of Fiduciary Duty – Against Defendant Tekno)

58.  CJH hereby repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein.

59.  Tekno, in its position as a licensee to use Lucky's Leash, was duty-bound to act in CJH's best interest, to protect and maintain the goodwill established in CJH's trademarks and logos, and market and sell Lucky's Leash pursuant to the Contract.

60.  Tekno breached its fiduciary duty by, among other things, continuing to use, sell, and market Lucky's Leash, and collect profits for the sale of Lucky's Leash products after the Contract expired, and continuing to sell and market Lucky's Leash without authorization and without accounting for this use, in violation of its fiduciary obligations to CJH.

61.  By reason of the foregoing, CJH has sustained damages in an amount to be determined at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Unjust Enrichment – Against Defendant Tekno)

62.  CJH hereby repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein.

63.  Tekno has continued to use, sell, and market Lucky's Leash without authorization.

64.  Tekno did not have authorization to continue using, selling, and marketing Lucky's Leash and did not provide any consideration for continuing to use, sell, and market Lucky's Leash once the Contract was terminated.

65.  Tekno has therefore been unjustly enriched at CJH's expense, and it is against equity and good conscience to permit Tekno to continue to use, sell, and market Lucky's Leash and retain revenues secured through Tekno's sales.

66.  By reason of the foregoing, Tekno has been unjustly enriched at CJH's expense, entitling CJH to recover damages in amount to be determined at trial.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (An Accounting – Against Defendant Tekno)

67.  CJH hereby repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein.

68.  CJH is entitled to 2.5% (if not all) of the profits generated by Defendants using, selling, and marketing Lucky's Leash.

69.  Accordingly, the acts described above warrant an equitable accounting of Tekno's books and records to identify all of the revenues generated using, selling, and marketing Lucky's Leash.

## JURY DEMAND

CJH demands a trial by jury on all issues to be tried.

9

## CERTIFICATION

I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## PRAYER FOR RELIEF

**WHEREFORE**, for all of the foregoing reasons, it is respectfully requested that judgment is entered in favor of CJH as follows:

A. Permanent injunctive relief against Defendants, their agents, servants, employees, other representative or persons in active concert or participation with them or persons acting on their behalf, prohibiting Defendants from:

    i. Using, selling, and/or marketing Lucky's Leash, trademark, likeness, or designs to falsely represent, or likely to confuse, mislead, or deceive members of the public that the sale of Lucky's Leash by Defendants are reviewed, approved, backed, affiliated, associated, connected, sponsored or endorsed by CJH; and

    ii. Diluting the value of Lucky's Leash and CJH's trade dress and damaging CJH's good will, reputation, and business;

B. A declaration that Tekno has no right to continue using, marketing, or selling Lucky's Leash;

C. Damages in an amount to be determined at trial, including, but not limited to, punitive damages;

10

D.  Treble damages;

E.  Attorney's fees, costs, appropriate interest and disbursements; and

F.  Such other and further relief as may be just and proper.


Dated: Garden City, New York
      October 27, 2020

                      Stagg Wabnik Law Group LLP


                      By: /s/ Thomas E. Stagg
                            Thomas E. Stagg
                            Andrew Kazin

                      *Attorneys for Plaintiff CJH Enterprises LLC*
                      *d/b/a Lucky's Leash*
                      401 Franklin Avenue, Suite 300
                      Garden City, New York 11530
                      (516) 812-4550
                      tstagg@staggwabnik.com
                      akazin@staggwabnik.com


TO:    Tekno Products Inc.
        301 Route 17 North,
        Rutherford, New Jersey 07070

        Jeff Kurani
        c/o Tekno Products Inc.
        301 Route 17 North,
        Rutherford, New Jersey 07070