# EXHIBIT B

AGREEMENT

This Agreement is between Tekno Products Inc. ("Tekno"), 301 Route 17 North, Rutherford, NJ 07070 and CIH ENTERPRISES LLC d/b/a LUCKY'S LEASH ("CJH"), 401 N. Tyron St., 10th Fl., Charlotte, NC 28202 (Tekno and CIG collectively referred to herein as the "Parties" or individually as the "party"). This Agreement is effective as of the last execution date.

CIH developed an animal collar and leash assembly it described in whole or part in a US utility patent application, Serial No. 14/522,085, filed October 23, 2014. The application has since abandoned, however CJH continues holds inventory of product subject to the application and is looking for assistance in selling same.

Tekno is in the business of producing, marketing and selling goods, including products similar to those subject to Serial No. 14/522,085. Tekno is interested in purchasing the CJH inventory and is also interested in producing, marketing and selling further product.

In exchange for Tekno's promise to purchase CJH existing inventory of product subject to the application, and share a percentage of profits, CJH agrees to disclose all know-how to Tekno as well as grant Tekno an exclusive license to make, use, advertise, sell and otherwise exploit the product and associated intellectual property attached to same, terms of which are further set forth in the following,

1.  Tekno agrees to make an initial payment of $5,000 USD (five thousand dollars) to CJH in exchange for the rights to have this Agreement in place for the entire initial term, which is one year.

2.  ~~Tekno agrees to buy from CJH all inventory of product it currently has in its possession at a maximum price of $2.50 USD (two dollars) per unit, whereby a unit is considered a complete product.~~

3.  ~~Tekno agrees to accept from CJH additional product in the range of about 5000-10,000 units whereby a unit is considered a complete product.~~

4.  CJH agrees to provide Tekno all information and know-how that relates to the product so Tekno is able to produce a complete product on its own substantially similar if not identical to the workmanship and quality as the inventory of product CIH has in its possession.

5.  Tekno agrees to use best efforts to sell product subject to paragraph 3 and 4, and agrees to pay CJH 2.5% of net profits made by Tekno sales.

    (a)  Tekno agrees to pay CJH within 60 (sixty) days of Tekno's receipt of payment for a sale. Tenko agrees to produce an initial order of 200,000-250,000 units in wich CJH will be compensated on.

    (b)  CJH shall have the right to inspect Tekno records provided CJH makes a written request to Tekno within 60 (sixty) days of inspection. All costs and expenses associated with inspection shall be the responsibility of CJH.

E-mail delivery is considered sufficient Notice, if it includes a read receipt or is otherwise acknowledged in writing. Mail delivery is considered sufficient if it includes a delivered receipt or is otherwise acknowledged in writing. Parties shall have thirty (30) days to cure any dispute to the satisfaction of the other party, otherwise the grieving party may terminate the contract with thirty (30) day's notice if the dispute regards breach of a material term of this Agreement. Parties agree that jurisdiction and venue is in New Jersey and that the prevailing party is entitled to legal fees and costs.

9. The Parties are required to notify the other with regards to any suspected activity of any party that infringes any rights of the Parties herein, including but not limited to intellectual property rights. If either party fails to assert its rights against a third-party, then the other party shall be entitled to act upon the other's behalf and collect all awards from said effort, excluding rights to said intellectual property.

10. Upon termination of this Agreement, for any reason, Tekno is authorized to sell-off any inventory that is in its possession or in the process of being created according to instructions made by Tekno prior to the termination.

11. During the term of this Agreement, including any extensions or renewals thereof, CIH agrees that with regards to any product it shall create, come in possession of or otherwise be entitled to license or assign, that it shall first offer Tekno a first right of refusal to have exclusive rights to the making, using, advertising and selling of same. Said offer shall be communicated in writing subject to Notice provisions of paragraph 8.

12. The Parties agree to execute such additional documents and to perform all such other and further acts as may be necessary or desirable to carry out the purposes and intentions of this Agreement.

13. The Parties agree that this document sets forth all the agreed upon terms and that there are no other terms that exist. The Parties may amend this Agreement provided same is in writing and signed by the Parties.

| Tekno Products Inc. | CIH Enterprises LLC |
|---|---|
| *[signature]* | |
| Name  JEFF N KURANI | Name |
| Title  CEO | Title |
| Date  10/04/2017 | Date |

6. Tekno agrees to sell a minimum of ~~1,000,000~~ 400,000 units (~~1,000,000~~ 400,000 In.) units during the initial term (1 year)at a price that Tekno shall determine based on its familiarity with the business, the related market and at its own discretion. Failure to sell stated amount shall not be considered a material breach, however, provided Tekno shall achieve this goal, it shall be entitled to renew this Agreement for another year according to same terms herein, or extend an additional six (6) months, provided it gives CJH thirty (30) days prior written notice.

7. CJH agrees that during the existence of this Agreement, including any extensions or renewals thereof, Tekno has exclusive rights to make, use, advertise, sell and otherwise exploit the product and associated intellectual property rights attached to same. During the term of this Agreement, including any extensions or renewals thereof, CJH shall not compete with Tekno or cause, assist or encourage a third-party to compete with Tekno.

> 7.1 Subject to the Agreement, intellectual property rights attached to the product include rights that CIH has, owns, licenses and/or is otherwise owned by a third-party and authorized to be used by CJH. Other than being authorized to use said intellectual property, Tekno agrees not to challenge ownership or entitlement of intellectual property existing and exclusively owned by CIH at the time this Agreement is entered.
>
> 7.2 Any intellectual property created by Tekno subject to this Agreement shall remain the sole and exclusive property of Tekno during all times. Said intellectual property shall include any and all copyright, artwork, packaging, trademarks, improvements, inventions and/or protectable rights otherwise created during the time of this Agreement, including any extensions or renewals thereof, or that preexisted same. CJH agrees not to challenge validity or entitlement of intellectual property owned by Tekno.
>
> 7.3 CJH will provide Tekno all credentials, logins and other information necessary to access, edit and direct traffic to and/or from any and all social media sites and other Internet websites that are owned or controlled by CJH and have been used or intended to be used to promote or sell the product, including but not limited to www.oneleash.com.

8. Any dispute regarding this Agreement, Notice shall be made in writing to the other party within sixty (60) days and delivered to the following,

| To Tekno | To CIH |
|---|---|
| Tekno Products Inc.<br>Attn: Jeff Kurani<br>301 Route 17 North<br>Rutherford, NJ 07070<br>jeff@teknoproducts.com | CJH ENTERPRISES LLC<br>401 N. Tyron St., 10th Fl.<br>Charlotte, NC 28202 |
| with copy to:<br>Baker and Rannells, PA<br>Attn: Jason L. DeFrancesco<br>92 East Main Stree, Ste 302<br>Somerville, NJ 08876<br>jld@br-tmlaw.com | with copy to:<br>Harrison Forbes |