Thomas E. Stagg
Andrew Kazin
Stagg Wabnik Law Group LLP
Attorneys for CJH Enterprises LLC d/b/a Lucky's Leash
401 Franklin Avenue, Suite 300
Garden City, NY  11530
Tel: (516) 812-4550

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------------X
CJH ENTERPRISES LLC d/b/a LUCKY'S LEASH

          Plaintiff,

    -against-

TEKNO PRODUCTS INC. and JEFF KURANI,

          Defendants.
---------------------------------------------------------------------X

DOCKET No.: 2:20-CV-15067(SDW)(LDW)

**REPLY TO COUNTERCLAIMS**

Plaintiff and Counterclaim-Defendant CJH Enterprises LLC d/b/a Lucky's Leash ("CJH"), by its attorneys, Stagg Wabnik Law Group LLP, as and for its Reply to Counterclaims (the "Counterclaims") asserted by Defendant Tekno Products Inc. ("Tekno") responds as follows:

## INTRODUCTION

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Counterclaims.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Counterclaims.

3. Denies the allegations contained in paragraph "3" of the Counterclaims and otherwise respectfully refers the Court to the terms of the agreement between CJH and Tekno (the "Agreement") annexed as "Exhibit B" to CJH's complaint.

4. Denies the allegations contained in paragraph "4" of the Counterclaims.

5. Denies the allegations contained in paragraph "5" of the Counterclaims.

6. Denies the allegations contained in paragraph "6" of the Counterclaims.

## NATURE OF ACTION

7. The allegations set forth in paragraph "7" of the Counterclaims set forth legal conclusions to which no response is required, however, to the extent that a response is required, CJH denies the allegations set forth in such paragraph.

8. The allegations set forth in paragraph "8" of the Counterclaims set forth legal conclusions to which no response is required, however, to the extent that a response is required, CJH denies the allegations set forth in such paragraph.

9. Denies the allegations set forth in paragraph "9" of the Counterclaims and denies that Tekno is entitled to any judgment against CJH.

## JURISDICTION AND VENUE

10. The allegations set forth in paragraph "10" of the Counterclaims set forth legal conclusions to which no response is required, however, to the extent that a response is required, CJH does not contest the jurisdiction of this Court.

11. The allegations set forth in paragraph "11" of the Counterclaims set forth legal conclusions to which no response is required, however, to the extent that a response is required, CJH does not contest the jurisdiction of this Court.

12. The allegations set forth in paragraph "12" of the Counterclaims set forth legal conclusions to which no response is required, however, to the extent that a response is required, CJH does not contest venue in this Court.

## THE PARTIES

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Counterclaims.

14. Denies the allegations in paragraph "14" of the Counterclaims, except admits CJH is a limited liability company existing in and under the laws of the State of North Carolina with a principal place of business located in Charlotte, North Carolina.

### **FACTUAL BACKGROUND**

15. The allegations set forth in paragraph "15" of the Counterclaims set forth legal conclusions to which no response is required, however, to the extent that a response is required, CJH denies the allegations set forth in such paragraph

16. Admits the allegations contained in paragraph "16" of the Counterclaims, and avers that the product at issue is called Lucky's Leash, not Lucky Leash.

17. Admits the allegations contained in paragraph "17" of the Counterclaims.

18. The allegations set forth in paragraph "18" of the Counterclaims set forth legal conclusions to which no response is required, however, to the extent that a response is required, CJH denies the allegations set forth in such paragraph.

19. Denies the allegations contained in paragraph "19" of the Counterclaims and otherwise respectfully refers the Court to the Agreement for the terms thereof.

20. Denies the allegations contained in paragraph "20" of the Counterclaims and otherwise respectfully refers the Court to the Agreement for the terms thereof.

21. Denies the allegations contained in paragraph "21" of the Counterclaims.

22. Denies the allegations contained in paragraph "22" of the Counterclaims.

23. Denies the allegations contained in paragraph "23" of the Counterclaims.

24. Admits the allegations contained in paragraph "24" of the Counterclaims.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Counterclaims.

26. Denies the allegations contained in paragraph "26" of the Counterclaims.

27. Denies the allegations contained in paragraph "27" of the Counterclaims.

28. Denies the allegations contained in paragraph "28" of the Counterclaims.

29. Denies the allegations contained in paragraph "29" of the Counterclaims.

30. Denies the allegations contained in paragraph "30" of the Counterclaims.

31. Denies the allegations contained in paragraph "31" of the Counterclaims.

32. Denies the allegations contained in paragraph "32" of the Counterclaims.

33. Denies the allegations contained in paragraph "33" of the Counterclaims.

34. Denies the allegations contained in paragraph "34" of the Counterclaims.

## AS AND FOR A FIRST COUNTERCLAIM
### (Declaration of Non-Infringement)

35. CJH repeats and realleges the answers to the preceding paragraphs as if fully set forth herein.

36. The allegations set forth in paragraph "36" of the Counterclaims set forth legal conclusions to which no response is required, however, to the extent that a response is required, CJH denies the allegations set forth in such paragraph.

37. Admits the allegations contained in paragraph "37" of the Counterclaims.

38. Admits the allegations contained in paragraph "38" of the Counterclaims.

39. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "39" and otherwise respectfully refers the Court to the document referenced for the terms thereof.

40. The allegations set forth in paragraph "40" of the Counterclaims set forth legal conclusions to which no response is required, however, to the extent that a response is required, CJH denies the allegations set forth in such paragraph.

41. Denies the allegations contained in paragraph "41" of the Counterclaims.

### AS AND FOR A SECOND COUNTERCLAIM
### (Breach of Duty of Good Faith and Fair Dealing)

42. CJH repeats and realleges the answers to the preceding paragraphs as if fully set forth herein.

43. The allegations set forth in paragraph "43" of the Counterclaims set forth legal conclusions to which no response is required, however, to the extent that a response is required, CJH denies the allegations set forth in such paragraph.

44. The allegations set forth in paragraph "44" of the Counterclaims set forth legal conclusions to which no response is required, however, to the extent that a response is required, CJH denies the allegations set forth in such paragraph.

45. The allegations set forth in paragraph "45" of the Counterclaims set forth legal conclusions to which no response is required, however, to the extent that a response is required, CJH denies the allegations set forth in such paragraph.

46. Denies the allegations contained in paragraph "46" of the Counterclaims.

47. Denies the allegations contained in paragraph "47" of the Counterclaims.

48. Denies the allegations contained in paragraph "48" of the Counterclaims.

49. Denies the allegations contained in paragraph "49" of the Counterclaims.

50. Denies the allegations contained in paragraph "50" of the Counterclaims.

### AS AND FOR A THIRD COUNTERCLAIM
### (Breach of Warranty of Merchantability)

51. CJH repeats and realleges the answers to the preceding paragraphs as if fully set forth herein.

52. The allegations set forth in paragraph "52" of the Counterclaims set forth legal conclusions to which no response is required, however, to the extent that a response is required, CJH denies the allegations set forth in such paragraph.

53. The allegations set forth in paragraph "53" of the Counterclaims set forth legal conclusions to which no response is required, however, to the extent that a response is required, CJH denies the allegations set forth in such paragraph.

54. Denies the allegations contained in paragraph "54" of the Counterclaims.

55. Denies the allegations contained in paragraph "55" of the Counterclaims.

56. Denies the allegations contained in paragraph "56" of the Counterclaims.

57. Denies the allegations contained in paragraph "57" of the Counterclaims.

58. Denies the allegations contained in paragraph "58" of the Counterclaims.

59. Denies the allegations contained in paragraph "59" of the Counterclaims.

## AS AND FOR A FOURTH COUNTERCLAIM
### (Negligent Misrepresentation)

60. CJH repeats and realleges the answers to the preceding paragraphs as if fully set forth herein.

61. The allegations set forth in paragraph "61" of the Counterclaims set forth legal conclusions to which no response is required, however, to the extent that a response is required, CJH denies the allegations set forth in such paragraph.

62. Denies the allegations set forth in paragraph "62" of the Counterclaims.

63. Denies the allegations set forth in paragraph "63" of the Counterclaims.

64. Denies the allegations set forth in paragraph "64" of the Counterclaims.

65. Denies the allegations set forth in paragraph "65" of the Counterclaims.

66. Denies the allegations set forth in paragraph "66" of the Counterclaims.

67. Denies the allegations set forth in paragraph "67" of the Counterclaims.

68. Denies Tekno is entitled to the relief requested in the "WHEREFORE" section of its Counterclaims.

**JURY DEMAND**

69. CJH denies Tekno is entitled to a trial by jury.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

70. Tekno fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

71. CJH states that there exists a defense to the claims asserted in the Counterclaims that is founded upon documentary evidence.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

72. The Counterclaims are barred, in whole or in part, by the principle of estoppel.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

73. If Tekno suffered damages as alleged, then Tekno failed to mitigate such damages.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

74. The Counterclaims are barred by the terms and conditions of the Agreement.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

75. The Counterclaims are barred for Tekno's failure to perform.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

76. Tekno is not entitled to recover as against CJH under the doctrine of unclean hands.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

77. The Counterclaims are barred by the doctrine of laches.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

78. CJH acted in good faith at all times.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

79. The damages claimed by Tekno against CJH were not proximately caused by any conduct of CJH. To the extent that Tekno has not suffered any damages as a direct or proximate cause of CJH's actions or inactions, Tekno may not recover any damages against CJH.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

80. Upon information and belief, timely notice of the purported defect was not provided by Tekno to CJH.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

81. Upon information and belief, Tekno cannot rely on an unstated defect to establish a breach because the defect was easily ascertainable and CJH could have, if notified, seasonably cured the defect.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

82. At all relevant times, CJH acted in a commercially reasonable manner.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

83. Upon information and belief, Tekno did not discover the purported non-conformance of the goods within a reasonable time after acceptance.

**WHEREFORE,** for all foregoing reasons, it is respectfully requested that Tekno's Counterclaims be dismissed in its entirety.

Dated: Garden City, New York
March 22, 2021

    Stagg Wabnik Law Group LLP
    By: /s/ Andrew Kazin
        Thomas E. Stagg
        Andrew Kazin
        *Attorneys for Plaintiff/Counterclaim Defendant*
        *CJH Enterprises d/b/a Lucky's Leash*
        401 Franklin Avenue, Suite 300
        Garden City, New York 11530

(516) 812-4550

TO: Barry Lewin
Jonathon M. Purow
Gottlieb, Rackman & Reisman, P.C.
*Attorneys for Defendants/Counterclaim Plaintiff*
*Tekno Products, Inc. and Jeff Kurani*
270 Madison Avenue,
New York, New York 10016

9