UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CJH ENTERPRISES LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>TEKNO PRODUCTS INC., *et al.*,<br><br>　　　　　　Defendants. | Civil Action No.<br><br>20-15067 (JXN) (LDW)<br><br>**REPORT & RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

The Court having issued an Order To Show Cause why the claims of plaintiff CJH Enterprises LLC should not be dismissed for failure to appear by counsel as required by law, and plaintiff not having filed any papers or appeared in response to that Order, it is respectfully recommended that plaintiff's Complaint be stricken for failure to prosecute.[1]

**BACKGROUND**

Plaintiff commenced this action in October 2020, contending that Tekno Products Inc. ("Tekno") and individual defendant Jeff Kurani engaged in trademark infringement, false advertising, and common law unauthorized use with respect to a product called "Lucky's Leash," a dog leash that features a retractable harness and magnetic collar. (ECF Nos. 1, 5). Defendant Tekno answered by counsel and asserted counterclaims for breach of the duty of good faith and fair dealing, breach of warranty of merchantability, and negligent misrepresentation. (ECF No. 11). Defendant Kurani filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 12). The action was actively litigated for approximately six months by the parties' respective

---

[1] The case is not ripe for dismissal in its entirety because defendant Tekno Products Inc.'s counterclaims remain pending. (ECF No. 11).

counsel. Plaintiff and defendant Kurani engaged in motion practice as to Kurani's motion to dismiss from December 2020 through April 2021. (ECF Nos. 12, 31, 32). The parties proceeded to discovery and, in May 2021, participated in oral argument on the pending 12(b)(6) motion before the Honorable Susan D. Wigenton, U.S.D.J. (ECF Nos. 34, 35-37).

After the Court dismissed the claims against Kurani, it gave plaintiff's counsel thirty days to file an amended complaint. (ECF No. 38). Plaintiff's counsel repeatedly requested, and the Court denied, extensions of time to file an amended complaint and to complete discovery. (ECF Nos. 39-42). Ultimately, the Court dismissed the claims against Kurani with prejudice after plaintiff failed to file an amended complaint by the prescribed deadline. (ECF No. 43). Ten days later, on June 24, 2021, plaintiff's counsel at Stagg Wabnik Law Group LLP moved to withdraw as counsel, citing, among other reasons, plaintiff's general unresponsiveness to emails and phone calls and nonpayment of fees. (ECF No. 45).

The motion to withdraw was not opposed, despite proof of service upon plaintiff, and was granted. (ECF Nos. 45, 48, 55). The Court again required exiting counsel to show proof of service of the Court's Order granting withdrawal on plaintiff at its last-known address, which was done. (ECF Nos. 55, 56). As plaintiff, an LLC, is required by law to be represented by counsel, the Court ordered that substitute counsel enter an appearance by August 25, 2021. (ECF No. 55). After new counsel failed to appear by that deadline, the Court entered an Order To Show Cause, directing plaintiff to appear by counsel for a hearing before the undersigned to show cause why its claims

should not be dismissed for failure to prosecute.[2] (ECF Nos. 58, 59). Again, no papers were filed on plaintiff's behalf and plaintiff failed to appear at the hearing.

## ANALYSIS

Where, as here, a party becomes completely unresponsive to the Court's orders to participate in an action, striking its Complaint may be appropriate under Federal Rules of Civil Procedure 37(b)(2) or 41(b). Rule 37(b)(2) authorizes courts to "strik[e] pleadings in whole or in part" for failure to obey a court order. Rule 41(b) provides that a matter may be involuntarily dismissed where a plaintiff "fails to prosecute or to comply" with a court order.

Where a sanction may deprive a party of the right to proceed with or defend against a claim, courts must weigh the six factors enunciated by the Third Circuit in *Poulis v. State Farm Casualty Co.*, 747 F.2d at 863 (3d Cir. 1984), in deciding whether to impose that sanction.[3] The *Poulis* factors are:

> (1) [t]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

---

[2] The Order To Show Cause was transmitted by the Clerk of Court to CJH's last-known address, as provided by plaintiff's former counsel, by regular and certified mail. (ECF Nos. 56, 59). This mailing was returned as undeliverable on November 2, 2021. (ECF No. 60).

[3] Express analysis of the *Poulis* factors may not be required in this case due to plaintiff's status as a limited liability company, as "it is not uncommon for a court to summarily dismiss a corporate party for failure to retain counsel." *Sync Labs LLC v. Fusion Mfg.*, No. 2:11-CV-3671 (WHW), 2014 WL 2601907, at *8 (D.N.J. June 11, 2014) (collecting cases where courts dismissed a non-natural party or struck its pleading for failure to retain counsel without a full *Poulis* analysis).

747 F.2d at 868 (emphasis omitted).  No single *Poulis* factor is determinative and sanctions may be appropriate even if some of the factors are not met.  *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

    **1.**    **Plaintiff's Personal Responsibility.**  A fair inference can be drawn that plaintiff bears responsibility for its failure to participate in this action.  Plaintiff actively engaged in this action through counsel for nearly six months.  Following an adverse decision (the dismissal of its claims against Kurani), that activity ceased.  Despite service of its counsel's motion to withdraw and the Court's order granting the same, which advised that it shall appear by new counsel or face dismissal, it did not appear.  (ECF Nos. 54, 55).

Although the Order To Show Cause, which was mailed to plaintiff at its last-known address, was returned as undeliverable, plaintiff failed to update its contact information with the Court and therefore bears responsibility for not having received notice of and failing to appear at the show-cause hearing. (ECF No. 60); *see Macon v. City of Asbury Park*, Civ. A. No. 07-1413 (MLC), 2008 WL 1882899, at *2 (D.N.J. Apr. 24, 2008) (finding plaintiff "solely responsible" for his failure to contact the Court or counsel or update his contact information despite attempts to reach him through a forwarding address provided after his release from prison).

    **2.**    **Prejudice to Defendants.**  Plaintiff's failure to appear by new counsel to participate in this action has stymied the forward progress of the litigation, prejudicing defendant's ability to proceed with the action.  The Third Circuit has held that prejudice in this context does not mean "irremediable harm," but the "burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).  An adversarial system requires the participation of an adverse party, and here there is none, as a result of plaintiff's failure to appear by new counsel as

the law requires for a limited liability company like CJH. This factor favors dismissal of plaintiff's claims.

3.  **History of Dilatoriness.** Since its counsel withdrew, plaintiff has wholly failed to participate in this action or communicate with the Court. Plaintiff was ordered to appear by new counsel no later than August 25, 2021, and did not. Therefore, it has been dilatory for over three months now, and completely unresponsive to the Court's Orders, including the Order To Show Cause that required an appearance by the return date of November 2, 2021.

4.  **Willfulness or Bad Faith.** The Court will not conclude that plaintiff has proceeded in bad faith. It appears, however, that plaintiff has knowingly and willfully determined not to participate in this action by failing to secure substitute counsel, despite its apparent receipt of former counsel's mailings of the motion to withdraw and the Court's Order granting the same. (ECF Nos. 54, 56). Although the copy of the Court's Order to Show Cause was returned as undeliverable, the Court has not received any indication that plaintiff's mailing address is no longer in use. (ECF No. 60). These circumstances suggest that plaintiff has abandoned its case and further support dismissal of its claims as the appropriate remedy.

5.  **Effectiveness of Alternative Sanctions**. The record of unresponsiveness suggests that alternative sanctions would be futile. Despite several chances, and despite this Court's warning of the consequences of its continued inaction, plaintiff has failed to participate in and prosecute its case. On these facts, no lesser sanction would be effective. *See Joyce v. Cont'l Airlines, Inc.*, Civ. A. No. 09-2460 (MK), 2011 WL 2610098, at *2 (D.N.J. June 15, 2011), *report and recommendation adopted*, Civ. A. No. 09-02460 (WJM), 2011 WL 2607110 (D.N.J. June 30, 2011).

**6.     Meritoriousness of the Claims.**  The Court is unable at this early stage of the litigation to determine the meritoriousness of plaintiff's claims against remaining defendant Tekno.

In sum, the *Poulis* factors favor dismissal of plaintiff's claims.  Plaintiff has ignored Court Orders to appear by substitute counsel and make an appearance to show cause why its claims should not be dismissed.  The Court assumes CJH's last known address is its proper address, as it has not updated its contact information nor indicated otherwise that its address has changed.  Accordingly, plaintiff's failure to communicate with the Court and refusal to comply with its orders establish plaintiff's failure to adequately prosecute this matter.

## CONCLUSION

For the reasons stated above, this Court respectfully recommends that plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** and its Complaint **STRICKEN** pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b). The parties are advised that they may file an objection within 14 days of the date of this order pursuant to Fed. R. Civ. P. 72(b)(2).

It is further **ORDERED** that the Clerk of Court is directed to send a copy of this Report and Recommendation to plaintiff at its last known address by regular and certified mail.

Dated:  December 6, 2021.

  *s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge
